**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CRAIG BRODIE** | **CIVIL ACTION NO.** |
| **VERSUS** | **25-365-EWD** |
| **COMMISSIONER OF SOCIAL SECURITY** | **\* CONSENT \*** |

## ORDER

Before the Court is the Unopposed Motion for Attorney Fees (the "Motion"), filed by Craig Brodie ("Plaintiff").[1] The Motion indicates that Defendant Frank Bisignano, Commissioner of the Social Security Administration ("Commissioner"),[2] does not oppose the relief sought. As Plaintiff is the prevailing party in this case, the Commissioner does not object to the Motion, and the fees sought are reasonable, it is recommended that the Motion be granted, and that Plaintiff be awarded fees of $1,750.00 under the  Equal Access to Justice Act ("EAJA"), subject to offset for any debts Plaintiff may owe under the Treasury Offset Program.

### I.    BACKGROUND

In this action, Plaintiff appealed the Commissioner's denial of his application for disability benefits.[3] In response, the Commissioner filed an Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of the Social Security Act, 42 U.S.C. § 405(g), so that the Commissioner could further develop the record, conduct additional administrative proceedings, and issue a new decision.[4] The Court granted the Commissioner's Motion to Remand and issued an Order and

---

[1] R. Doc. 14.

[2] The case was originally filed naming Leland Dudek, the Acting Commissioner of the Social Security Administration, as the defendant.  Frank Bisignano is the current Commissioner and is automatically substituted as the proper defendant under Fed. R. Civ. P. 25(d).

[3] R. Doc.  1.

[4] R. Doc. 11.

Judgment reversing and remanding the case for further proceedings.[5] Plaintiff then filed the Motion seeking an EAJA fee award of $1,750.00 at an hourly rate of $175 for 10 hours of work.[6] The Commissioner does not dispute the reasonableness of the time spent or of the hourly rates.

## II.    LAW AND ANALYSIS

### A.  The Time Expended and the Hourly Rate Sought are Reasonable

The EAJA provides that a court shall award attorney fees and costs to a prevailing party in a civil action brought against the United States.[7] Attorney fees shall be awarded to a prevailing party unless the Court finds that the position of the United States was substantially justified, or special circumstances make an award unjust.[8] Under the EAJA, a court cannot award fees exceeding $125 per/ hour unless the court determines that an increase in the cost of living or special factors justify a higher fee.[9] In *Baker v. Bowen*, the United States Court of Appeals for the Fifth Circuit held that Congress intended to provide an allowance for a cost-of-living increase in the statute, but it is not absolutely required.[10] Since 2014, this Court has found that hourly rates of $175.00 for attorney time are reasonable given the increased cost of living as reflected by the Consumer Price Index.[11] Here, Plaintiff seeks an hourly rate of $175.00.

---

[5] R. Doc. 12.

[6] R. Doc. 14.

[7] 28 U.S.C. § 2412(d)(1)(A).

[8] *Id*.

[9] 28 U.S.C. § 2412(d)(2)(A)(ii).

[10] *Gann v. Colvin*, No. 14-189, 2017 WL 385038, at **2-3 (M.D. La. Jan 1, 2017) (approving an increase in the hourly rate to $175.00 per hour for work performed from 2014 forward) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988)).

[11] *Gann*, 2017 WL 385038, at *3 ("the court will approve an EAJA hourly rate of up to $175.00 for work performed from 2014 forward until further notice"); *Frank v. O'Malley*, No. 24-376, 2025 WL 1202542, at *3 (M.D. La. April 25, 2025) (rejecting Plaintiff's request for an EAJA fee at an hourly rate of $220.00 and granting fee at hourly rate of $175.00).

Plaintiff also seeks compensation for 10 hours of work. Although the Commissioner ultimately sought remand, that was not until after Plaintiff filed her opening brief. Most of the work for which Plaintiff seeks the EAJA fee was related to reviewing the record and drafting the opening brief.[12] The 10 hours spent is reasonable for the work performed.

### B.  The Award of Fees Shall be Paid Directly to Plaintiff

The United States Supreme Court has held that an EAJA fee award is payable to the prevailing litigant, rather than the litigant's attorney.[13] Therefore, the award of attorney fees in this case should be made payable directly to Plaintiff and mailed to Plaintiff's counsel.

Accordingly,

For the reasons set forth above, **IT IS ORDERED** that the Unopposed Motion for Attorney Fees, filed by Plaintiff Craig Brodie, is **GRANTED**, and that Frank Bisignano, Commissioner of Social Security Administration, shall remit a check made payable to "Craig Brodie" for attorney fees in the amount of $1,750.00 (10 attorney hours at the hourly rate of $175.00), pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).

As full or partial remittance of the awarded fee is contingent on a determination by the Commissioner that Plaintiff does not owe any qualifying, pre-existing debt(s) to the government, **IT IS FURTHER ORDERED** that the Commissioner will reduce the attorney fees awarded by this Court to the extent necessary to satisfy such debt(s) and forward the remainder of the award, as set forth above.

Signed in Baton Rouge, Louisiana, on March 17, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[12] R. Doc. 14-2.

[13] *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010) ("the party, rather than the lawyer" "is entitle[d] to receive the fees" under 42 U.S.C. § 1988(b), which rationale applies with equal force to the functionally identical statutory language of the EAJA (citations omitted).

3